IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FELIX LYLE COWAN,                §
    #02351646,               §
             PLAINTIFF,       §
                      §
V.                               §    CASE NO. 3:22-CV-659-X-BK
                      §
JOE BIDEN, ET AL.,               §
             DEFENDANTS.       §

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Felix Lyle Cowan's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 12. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

## I. BACKGROUND

On March 22, 2022, Cowan, a Texas state prisoner, filed a *prisoner civil rights* complaint against President Joe Biden, Justice Clearence [sic] Thomas, and U.S. Representative Sheila Jackson Lee. Doc. 3 at 3. He complains of "judicial misconduct." Doc. 3 at 3-4. Specifically, Cowan avers that he did not receive his share of the $197 billion settlement in the Eli Lilly Zyprexa class-action litigation. Doc. 3 at 4. He claims that Justice Thomas ruled that he was entitled to $5,000. *Id.* Cowan thus requests his share of the proceeds. *Id.*

In 2017, Cowan filed a similar action against Eli Lilly stemming from the Zyprexa class-action settlement.  The complaint was dismissed as frivolous and for failure to a state a claim because the allegations were "garbled and illogical."  *Cowan v. Eli Lilly*, No. 4:17-CV-2417 (S.D. Tex. Aug. 16, 2017).

Upon review of the complaint *sub judice*, Cowan again fails to present a cognizable claim and his factual contentions are baseless.  As such, this action should also be dismissed as frivolous.

## II. ANALYSIS

Because Cowan is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  *See also* 28 U.S.C. § 1915A(b).  These statutes provide, *inter alia*, for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious.  A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible."  *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, Cowan has failed to state a cognizable legal claim or anything that can be construed as such.  He presents no supporting legal authority for the claim he asserts.  Moreover, his factual

contentions are clearly baseless and woefully inadequate to support any cognizable claim, and his allegations are clearly irrational and incredible.  *See Denton*, 504 U.S. at 33.

Consequently, Cowan's complaint should be dismissed with prejudice as factually and legally frivolous.

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed herein Cowan's apparent claims are fatally infirm.  Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims.  Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on May 31, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).